## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DALE A. SHAVER** | **CIVIL ACTION NO.** |
| **VERSUS** | **21-545-BAJ-EWD** |
| **DME EXPRESS, LLC, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 17, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DALE A. SHAVER | CIVIL ACTION NO. |
| VERSUS | 21-545-BAJ-EWD |
| DME EXPRESS, LLC, ET AL. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion for Leave to File First Supplemental and Amending Petition for Damages ("Motion"),[1] filed by Dale Shaver ("Plaintiff"). Per the Motion for Leave, Plaintiff seeks leave to file an amended complaint that adds a purportedly indispensable party—Coast Truck & Auto Repair, LLC ("Coast")—as a defendant.[2] According to the proposed Amended Complaint, the sole member of Coast, Lazaro Costa, is a Louisiana domiciliary,[3] such that the addition of Coast as a defendant would destroy the Court's jurisdiction, which is based on diversity. Although Defendants DME Express, LLC ("DME") and Old Republic Insurance Co. ("Old Republic") (collectively, "DME Defendants") originally opposed the Motion on the basis that Coast's citizenship was uncertain and there was information to suggest that Coast's sole member, Lazaro Costa, was not a Louisiana citizen,[4] DME has since filed a Notice of Consent to First Amended Complaint and Consent to Remand of Case to State Court, which withdraws the opposition to the Motion and consents to remand, "in light of the currently available evidence concerning the citizenship/domicile status of Coast Truck & Auto Repair, LLC …."[5] As consideration of the

---

[1] R. Doc. 11.
[2] *See* R. Doc. 11-1. Plaintiff alleges that currently named Defendant Cesar Sarmiemento ("Sarmiemento") was driving the car owned by DME Express, LLC at the request of Sarmiemento's employer, Coast, at the time of the collision with Plaintiff. Plaintiff further alleges that at the time of the collision, Sarmiemento was in the course and scope of his employment with Coast, such that Coast is vicariously liable for Sarmiemento's negligent acts. *Id.*, ¶¶ 8 & 10.
[3] R. Doc. 11-1, ¶ 1(D).
[4] R. Doc. 20, p. 2 ("The Defendants did not consent to the amendment because they dispute Plaintiff's factual allegation that Coast is a Louisiana citizen.").
[5] R. Doc. 35.

factors under *Hensgens v. Deere & Co.*[6] weigh in favor of granting the Motion, and as the addition of Coast as a defendant destroys this Court's subject matter jurisdiction, it is recommended[7] that the Motion be granted and that this matter be remanded to the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

### I.  BACKGROUND

This case was removed to this Court on September 20, 2021 by DME Defendants. According to the original Notice of Removal, subject matter jurisdiction was premised on diversity jurisdiction.[8]  Because the citizenship of the parties was not adequately alleged, nor was the amount in controversy adequately established, a *sua sponte* Notice and Order was issued on October 1, 2021 requiring DME Defendants to file an amended Notice of Removal that adequately alleged the citizenship of all parties, and to file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 was met.[9] Plaintiff was also ordered to file either: (1) a Notice stating that Plaintiff does not dispute that DME Defendants established the jurisdictional requirements of 28 U.S.C. § 1332, or (2) a Motion to Remand.  DME Defendants timely complied with the Notice and Order. The Amended Notice of Removal adequately alleged the citizenship of all parties.[10]  In support of amount in controversy, DME Defendants provided evidence that Plaintiff was transported by ambulance to the hospital

---

[6] 833 F.2d 1179 (5th Cir. 1987).
[7] "Generally, a motion for leave to amend the pleadings is a nondispositive matter that may be ruled on by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)." *Cazares v. Morris*, No. 09-2168, 2011 WL 2414543, at *2 (D. Ariz. June 16, 2011) (citations omitted). However, because the decision regarding Plaintiff's Motion will determine whether this Court continues to have diversity jurisdiction over this matter, and thus whether this matter should be remanded to state court, the motion is dispositive and a report and recommendation, rather than a ruling, is being issued. *See Vessell v. Wal-Mart Stores, Inc.*, No. 07-228, 2008 WL 2700010, at *2, n. 2 (M.D. La. July 9, 2008).
[8] R. Doc. 1, ¶ 9.
[9] R. Doc. 4.
[10] According to the Amended Notice of Removal, the citizenship of the parties is as follows: (1) Plaintiff Dale Shaver, an individual, is a citizen of Louisiana (R. Doc. 6, ¶ 9); (2) Defendant DME, a limited liability company, unwinds to members who are citizens of Texas, Nevada, California, and Florida (R. Doc. 6, ¶ 11); (3) Defendant Old Republic, a corporation, is a citizen of Pennsylvania, the location of its place of incorporation and principal place of business (R. Doc. 6, ¶ 12); and (4) Defendant Cesar Sarmiemento, an individual, is a citizen of Oklahoma (R. Doc. 6, ¶ 13).

on the day of the accident that forms the basis of the suit where he was diagnosed with a closed displaced transverse fracture of the right femur and multiple fractured ribs. Plaintiff underwent surgery and incurred medical expenses of at least $63,225.86, as well as an additional $5,890.82 in charges from one of his treatment providers.[11] Evidence submitted by DME Defendants of almost $70,000 in past medical expenses alone was sufficient to establish that Plaintiff's damages likely exceed $75,000, exclusive of interests and costs, by a preponderance of the evidence.

On October 29, 2021, Plaintiff filed a Motion for Leave to File First Supplemental and Amending Petition for Damages, which sought to add Coast as a party,[12] and a Motion to Remand, based on the fact that the addition of Coast would destroy subject matter jurisdiction.[13] Plaintiff's request for leave was originally denied without prejudice for procedural deficiencies, including that the proposed Amended Complaint did not adequately allege the citizenship of the members of Coast.[14] The instant Motion followed.

In his proposed Amended Complaint, Plaintiff alleges that Coast is "upon information and belief, a Louisiana limited liability company…[whose] only officer…[is] Lazaro Costa…a Louisiana domiciliary with his place of residence being 9682 S. Choctaw Dr., Baton Rouge, Louisiana"[15] However, Plaintiff's Rule 7(e) Certificate states:

> …Defense counsel respectfully object[s] to Plaintiff's motion for leave to amend the Company because Defendants deny that Coast Truck & Auto Repair LLC is a Louisiana citizen for diversity jurisdiction purposes, based on the information available information at this time. Since it is an LLC, the citizenship of Coast Truck's members will determine its citizenship. Coast Truck's members, and their citizenships, remain unknown. This information is also not stated in the Secretary of State business filing attached to plaintiff's original amended complaint. ***Limited jurisdictional discovery is necessary to determine the members of Coast Truck and their***

---

[11] R. Doc. 7 and R. Doc. 7-1, pp. 5 & 13.
[12] R. Doc. 8.
[13] R. Doc. 9.
[14] R. Doc. 10.
[15] R. Doc. 11-1, ¶ 1(D); *see also* R. Doc. 11-1, ¶ 8 alleging that Sarmiemento was in the course and scope of his employment with Coast "a Louisiana Domiciliary, along with its sole member and owner Lazaro Costa."

3

>     *citizenships.*[16]

On November 12, 2021, prior to the deadline to oppose the Motion for Leave, the undersigned held a telephone conference with counsel for the parties to discuss the issues raised in the Motion.[17] During the conference, DME Defendants explained that they oppose the Motion because they did not have enough information to determine Coast's citizenship.[18] Based on the parties' representations, they were given until December 27, 2021 to "conduct jurisdictional discovery, limited to the issue of the citizenship of Coast."[19] DME Defendants were ordered to file their response to Plaintiff's Motion for Leave by January 17, 2022.[20]

Four days after the conference, DME Defendants issued the following documents to Coast: (1) a Notice of Corporate Deposition Pursuant to FRCP Rule 30(b)(6) and Notice of Subpoena Duces Tecum Pursuant FRCP Rule 45,[21] and (2) a Subpoena to Testify at a Deposition in Civil Action.[22] However, because DME Defendants' "attempts to serve to [these documents] upon…Coast…through its registered agent Lazaro Coast, have been unsuccessful [as of December 14, 2021]," DME Defendants filed an Unopposed Motion for Extension of Time to Conduct Limited Jurisdictional Discovery, requesting until January 17, 2022 to complete jurisdictional discovery.[23] The Court granted DME Defendants' request and extended the deadline to complete jurisdictional discovery to January 17, 2022.[24]

On January 14, 2022, DME Defendants filed a Memorandum in Opposition to the Motion

---

[16] R. Doc. 11, p. 3 (emphasis added).
[17] R. Doc. 14.
[18] *Id*. at pp. 1-2.
[19] *Id*.
[20] *Id*.
[21] R. Doc. 16.
[22] R. Doc. 17.
[23] R. Doc. 18. DME Defendants did not request an extension of the January 17, 2022 deadline to file a response to Plaintiff's Motion for Leave. *Id*.
[24] R. Doc. 19.

4

("Opposition").[25] The Opposition explains DME Defendants' "numerous attempts," albeit unsuccessful, to locate and/or serve Coast and/or Costa.[26] They argue that the application of the *Hensgens*[27] factors, as well as the fact that Coast's citizenship is now (and was at the time suit was filed) "undetermined," militate against granting Plaintiff's Motion to add Coast as a defendant.[28] DME Defendants also argued that application of the *Hensgens* factors weigh against granting leave.[29] Alternatively, DME Defendants argued that if Plaintiff's Motion is granted, this case should not be remanded "in light of the disputed jurisdictional allegation[s]" as to Coast.[30] Instead, DME Defendants suggest that Plaintiff be given ninety days to serve Coast and, if able to perfect service, that jurisdictional discovery be reopened.[31]

On February 9, 2022, Plaintiff filed a Reply Brief ("Reply").[32] While Plaintiff did not expressly address application of the *Hensgens* factors, he argued that leave to amend should be granted to add Coast because "[t]he law is clear" that Coast, as Sarmiemento's employer and the person who "gave Sarmiemento authority to drive DME's vehicle," is a "necessary party in light of their defense that they did not provide any coverage for the vehicle."[33] Further, Plaintiff disputes

---

[25] R. Doc. 20.
[26] *Id*. at pp. 2-3. Specifically, DME Defendants explained (1) that they "first attempted to serve a subpoena and Notice of Rule 30(b)(6) deposition on Coast on November 17, 2021 at its registered address of 9628 S. Choctaw Dr., Baton Rouge, Louisiana 70815, but neither Coast nor Costa were present" and the "location is now used by a different company"; (2) that they "then hired a private investigator and process server…to attempt to locate and serve Costa"; (3) that the private process server "attempted to serve Coast at a second business address listed on a prior invoice to DME in Kenner, Louisiana, but Coast was not found at that location, either"; (4) the private process server "attempted to serve Costa at two separate residential addresses, but Costa was not found and was not living at either location"; (5) that the private process server "continued to try to locate Coast or Costa" and, "upon searching commercial databanks, found a recent New Mexico and Utah address for Costa"; and (6) despite the "recent addresses," DME Defendants have not located Coast or Costa. *Id*.
[27] *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987). The *Hensgens* factors are (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction," (2) "whether plaintiff has been dilatory in asking for amendment," (3) "whether plaintiff will be significantly injured if amendment is not allowed," and (4) "any other factors bearing on the equities." *Id*. at 1182.
[28] R. Doc. 20, pp. 3-7.
[29] *Id*. (cleaned up).
[30] *Id*. at p. 7.
[31] *Id*.
[32] R. Doc. 24.
[33] *Id*. at p. 1 (cleaned up).

5

DME Defendants' representation that Coast cannot be found, explaining:

> [Plaintiff's investigator, Tony Carter ("Carter"),] found the owner Costa, and the LLC partner three weeks ago, on his first attempt. Costa's cell phone and email address, to which he has responded to undersigned counsel has also been forwarded to defense counsel. His business is located in Louisiana, he is presently in Louisiana, and his address is in Kenner.[34]

Carter's affidavit is attached to the Reply and states, "On January 28th, 2022, at approximately 5PM, he went to COAST TRUCK and AUTO REPAIR at 1325 Danville Street, Kenner, LA 70062 and was escorted by a white male into a bus on the property where he was introduced to a Hispanic male who introduced himself as Lazro [sic] Costa."[35]

The Motion was set for hearing on August 16, 2022 for the parties to provide evidence to establish Coast's citizenship in light of the dispute.[36] Prior to the hearing, DME filed the Notice of Consent, which withdraws the objection to the Motion and implies that DME is now satisfied that Coast is a citizen of Louisiana, such that the Court's diversity jurisdiction will be destroyed by the addition of Coast and the case should be remanded to state court.[37] In light of DME's Notice of Consent, the August 16, 2022 hearing was canceled.[38]

## II. LAW AND ANALYSIS

### A. Coast's Sole Member is a Louisiana Citizen, such that the Addition of Coast as a Defendant Will Destroy Subject Matter Jurisdiction

For diversity purposes, "the citizenship of a limited liability company is determined by the citizenship of all of its members."[39] To properly allege the citizenship of a limited

---

[34] *Id*. at 2.
[35] R. Doc. 24-1. It is not clear why Plaintiff filed Carter's affidavit again on July 19, 2022. R. Doc. 28.
[36] R. Doc. 34.
[37] R. Doc. 35.
[38] R. Doc. 36.
[39] *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008).

liability company ("LLC"), a party must identify each of the members of an LLC, and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c).[40]

Plaintiff alleges in the proposed Amended Complaint that Lazaro Costa, the sole member of Coast, is a "Louisiana domiciliary …."[41] Typically the allegations of domicile in a pleading will control.[42] As DME has withdrawn its objection to the Motion (and, therefore, its arguments questioning whether Coast's citizenship has been adequately established), Coast is presumed to be a citizen of Louisiana as alleged in the proposed Amended Complaint. As Plaintiff is also a Louisiana citizen, the addition of Coast as a defendant will destroy this Court's subject matter jurisdiction.[43]

### B. Application of the *Hensgens* Factors Weigh in Favor of Granting Leave to Amend

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." The court liberally construes Rule 15(a) in favor of amendment.[44] When a post-removal amendment would destroy subject matter jurisdiction, however, 28 U.S.C. § 1447(e) applies. Section 1447(e) provides, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." "The district court, when faced with

---

[40] *Id.*
[41] R. Doc. 11-1, ¶ 1(C).
[42] *See, e.g., Volentine v. Bechtel, Inc.*, 209 F.3d 719, 2000 WL 284022, at *2 (5th Cir. 2000), citing *Jones v. Newton*, 775 F.2d 1316, 1317-18 (5th Cir. 1985) (finding unrebutted allegations of citizenship in a removal petition sufficient, although based on information and belief).
[43] Subject matter jurisdiction was premised solely on diversity jurisdiction and there was no basis for federal question jurisdiction alleged in the Petition or Notice of Removal.
[44] *See Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981) ("[T]he liberal position of the federal rules on granting amendments…evinces a bias in favor of granting leave to amend."); *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) ("[a] district court must possess a substantial reason to deny a request for leave to amend.") (quotations omitted).

7

an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment."[45]

When determining whether to allow joinder of a non-diverse party under § 1447(e), "justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits."[46] The *Hensgens* factors include: (1) the extent to which the purpose of the amendment is to defeat diversity; (2) whether the plaintiff has been diligent in requesting an amendment; (3) whether the plaintiff will be prejudiced if the amendment is denied; and (4) any other factors bearing on the equities.[47] Applying these factors, the *Hensgens* court held the post-removal joinder of a non-diverse, non-indispensable party destroys diversity jurisdiction.[48] Because the addition of Coast as a defendant would destroy this Court's subject matter jurisdiction, thereby requiring remand, the Court must apply the *Hensgens* factors to determine whether to grant Plaintiff's post-removal Motion seeking to add Coast as a defendant.[49]

Plaintiff alleges that Sarmiemento caused the accident and damages for which he seeks recovery.[50] According to the proposed Amended Complaint, Coast was Defendant Sarmiemento's employer and Sarmiemento was in the course and scope of his employment for Coast when the

---

[45] *Hensgens*, 833 F.2d at 1182. Although the Fifth Circuit decided *Hensgens* before the enactment of § 1447(e), the court has subsequently approved the application of the *Hensgens* factors to a § 1447(e) case. *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999); *Tillman v. CSX Transport., Inc.*, 929 F.2d 1023, 1029 (5th Cir. 1991); *see also Smith v. Lucas Tire Co., Inc.*, No. 94-2215, 1995 WL 57295, at *2 (E.D. La. Feb. 10, 1995).
[46] *Hensgens*, 833 F.2d at 1182.
[47] *Id*.
[48] *Id*. In *Cobb*, as in *Hensgens*, the Fifth Circuit concluded that, "post-removal joinder of non-diverse defendants pursuant to Fed. R. Civ. P. 19 destroys diversity for jurisdictional purposes and requires remand, even when the newly joined defendants are not indispensable." 186 F.3d at 677. Thus, "it is technically immaterial" whether the non-diverse defendants sought to be added are indispensable or dispensable parties for the purposes of the analysis required under § 1447(e). *Joseph v. Fluor Corp.*, No. 07-516, 513 F. Supp. 2d 664, 670 (E.D. La. 2007), citing *Cobb*, 186 F.3d at 680-81).
[49] While Plaintiff did not specifically discuss the *Hensgens* factors in its Motion for Leave, there is sufficient information in the record to analyze these factors without the need for additional briefing.
[50] R. Doc. 11-1, ¶¶ 5 & 7.

accident occurred, such that Coast is vicariously liable.[51] Significantly, no party currently opposes the addition of Coast as a defendant.  Further, the *Hensgens* factors weigh in favor of granting the Motion. While Plaintiff did not seek to add Coast until after removal, it is not clear that Plaintiff's joinder of Coast is merely an effort to destroy diversity jurisdiction. It appears that, although Sarmiemento was driving a van owned by DME at the time of the accident, he was not employed by DME, but by Coast. The fact that Plaintiff attempted to serve Sarmiemento by serving a DME employee at DME's business address[52] suggests that Plaintiff did not understand that Sarmiemento was employed by Coast, rather than DME, at the time the original Petition was filed, and the amendment is an effort to ensure that all potentially responsible parties are added to the litigation.

Additionally, it does not appear that the amendment to add Coast would be futile, which would be a basis to find that the amendment was made for the purpose of defeating diversity jurisdiction.[53]  Plaintiff has stated a claim against Coast by alleging that Sarmiemento was in the course and scope of his employment with Coast when he caused the accident.

Consideration of whether Plaintiff has been dilatory in requesting this amendment also weighs in favor of granting leave. Plaintiff filed the Motion less than six weeks after removal. Additionally, as no scheduling order has been entered in this case, nor has any significant activity beyond the pleadings stage occurred in this Court due to the jurisdictional dispute, this factor weighs in favor of granting leave to amend.

The third *Hensgens* factor looks at the prejudice to Plaintiff if leave to amend is denied.[54]

---

[51] R. Doc. 11-1, ¶10.
[52] *See* Motion to Strike Return of Service on Cesar Sarmiento [sic], filed by DME.  R. Doc. 29.
[53] "[C]ourts have also recognized that when a plaintiff states a valid claim against a defendant, it is unlikely that the *primary* purpose of bringing those defendants into a litigation is to destroy diversity jurisdiction." *Schindler v. Charles Schwab & Co., Inc.*, No. 05-82, 2005 WL 1155862, at *3 (E.D. La. May 12, 2005) (emphasis in original) (*citing* cases).  *See also Valenti v. Coburn Supply Company*, No. 19-571, 2020 WL 4679544, at *2 (M.D. La. Jul. 28, 2020) ("[A]s long as the plaintiff states a valid claim against the new defendant, the principal purpose is not to destroy diversity jurisdiction.")
[54] *Hensgens*, 833 F.2d at 1182. *See also Darr v. Amerisure Ins. Co.*, No. 16-232, 2016 WL 5110267, at *8 (M.D. La.

9

"Considerations of cost, judicial efficiency and possible inconsistency of results militate not requiring plaintiff[s] to prosecute two separate claims in two forums when both arise from the same set of facts and circumstances."[55] If leave is denied here, Plaintiff may be forced to litigate his claims against Coast in a separate forum from his claims against the other defendants. There are no considerations that weigh against amendment in this case. Accordingly, it is recommended that Plaintiff be granted leave to file his proposed First Amending and Supplemental Complaint to name Coast Truck & Auto Repair, LLC, as a defendant,[56] and that this matter be remanded for lack of subject matter jurisdiction.

### III. CONCLUSION AND RECOMMENDATIONS

Because application of the factors this Court must consider weigh in favor, **IT IS RECOMMENDED** that the unopposed Motion for Leave to File First Supplemental and Amended Petition for Damages,[57] filed by Plaintiff Dale A. Shaver, be **GRANTED**. As the addition of a non-diverse defendant, Coast Truck & Auto Repair, LLC, will destroy subject matter jurisdiction, **IT IS FURTHER RECOMMENDED** that this matter be **REMANDED** to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, if the Motion for Leave is granted.

Signed in Baton Rouge, Louisiana, on August 17, 2022.



**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

Aug. 31, 2016).
[55] *Darr*, 2016 WL 5110267, at *8, quoting *Joseph*, 513 F.Supp.2d at 670.
[56] R. Doc. 11-1.
[57] R. Doc. 11.